IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00311-CV

 

Joyce and Pat Libby,

                                                                      Appellant

 v.

 

Centex Home Equity,

                                                                      Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 04-C-3439

 



dissenting Opinion










 

          The dismissal of a civil appeal due to
the appellant’s failure to file a brief should be so routine that no one could
complain, or dissent.  But because the Court has refused to send a notice that
complies with the rules or due process, I must dissent.

          To the casual reader, this dissenting
opinion will seem overly technical.  But before you dismiss me as being nothing
more than a pedantic literalist, I ask that you consider this from the position
of the individuals representing themselves in this appeal.  When the Supreme
Court has chosen to address the procedural rules when due process is at issue,
the Court has typically required strict compliance with the rules.  In the
situation presented in this appeal, I believe strict compliance is appropriate.

          We must start with the letter that the
majority refers to in their opinion.  That letter is as follows:

June 7, 2006

 

Joyce Libby                                          Pat
Libby

5906 Brynmar Ct.                                  5906 Brynmar Ct.

Tyler,
 TX 75703                                   Tyler, TX 75703

 

Leland Chance Oliver

Baxter & Schwartz, PC

PO Box
 2385

Denton,
 TX 76202

 

RE:              Court
of Appeals Number:  10-04-00311-CV

                   Trial Court Case Number: 
04-C-3439

 

STYLE:       Joyce
and Pat Libby

                   v.

                             Centex Home Equity

 

Please disregard the Court’s June 2, 2006
letter.

 

The appellant’s brief was due on May 22, 2006. 
Neither a brief nor a motion to extend time to file has been filed.  Unless
a response explaining the failure to file appellant’s brief is received within
14 days, the Court may dismiss the appeal for want of prosecution.  Tex. R. App. P. 38(a)(1).

 

          What is wrong with this notice? 
Absolutely nothing.  At least there is nothing wrong with it in the abstract or
if it is not used as notice for something else.

          To understand where I am going, we
must closely examine what the notice does.

          It is addressed to all three parties. 
Two parties representing themselves, and one party represented by an attorney. 
The letter does not designate party positions as appellant or appellee.  My
initial concern is whether the Libbys recognize they are the appellants from
whom a brief was expected.  Representing themselves, do they recognize the
legal reference to their position in this appeal?  The notice of appeal filed
by the Libbys acting as their own counsel designated themselves as the
appellees.

          What does the notice tell the parties
is past due?  The notice indicates that the appellant’s brief was due on May
22, 2006.  Because the letter is dated June 7, we assume the brief is past due.

          The notice then contains an
interesting sentence:  “Neither a brief nor a motion to extend time to file has
been filed.”  The letter could have been clearer in several respects.  First,
it could have contained a simple declarative sentence:  The brief of Joyce
Libby and the brief of Pat Libby are past due.  Second, it could have stated: 
No motion for extension of time to file the brief of Joyce Libby or the brief
of Pat Libby has been filed.  But I will concede that with a little bit of
common sense, this information can be inferred from what is stated in the
letter by filling in the gaps.

          Thus, we arrive at the third and final
sentence in this letter.  The sentence is:

Unless a response explaining the failure to file
appellant’s brief is received within 14 days, the Court may dismiss the appeal for
want of prosecution.  Tex. R. App. P.
38(a)(1).

 

The insightful reader will note that there is
only one thing, according to this letter, that will prevent dismissal of this
appeal for want of prosecution – a response explaining the failure to file the
brief.  According to this letter, filing the brief will not stop dismissal. 
According to this letter, filing a motion to extend the time for filing the
brief will not stop dismissal.  The only thing that will stop dismissal,
according to the letter, is the filing of a response explaining the failure to
file appellant’s brief.  It is interesting to note that the letter dated June 2
which they were told to disregard advised them that “a brief or satisfactory
response” needed to be filed within 10 days.

          There is one more aspect of this last
sentence that is important; the use of the term “may.”  We do not inform the
litigants that the appeal “will” be dismissed, only that it may be dismissed. 
The battle over the use of “may” versus “will” in a notice letter has already
been waged and I lost that battle too.  In the Interest of H.M.T. and
A.R.T., Children, No. 10-06-00030-CV, 2006 Tex. App. LEXIS 4882, *4, n.1 (Tex.
App.—Waco June 7, 2006, no pet. h.) (Gray, C.J., dissenting).  I will not
comment further on that issue in this opinion.

          Now let us turn to the text of the opinion. 
The full text of the majority opinion is:

          The Clerk of this Court notified the
parties in a June 7, 2006 letter that the appellants’ brief was overdue in this
cause and that the appeal may be dismissed if an appropriate response was not
filed within ten days.  No response has been received.  Accordingly, the appeal
is dismissed for want of prosecution.  See Tex. R. App. P. 38.8(a)(1), 42.3(b).

 

          The first thing an insightful reader
should notice is the re-characterization of what was required to prevent
dismissal.  The opinion states that notice was given that the appeal may be
dismissed “if an appropriate response was not filed.”  This implies that there
were a number of responses that would have been acceptable.  But as you will
recall from the letter, there was one and only one response that would prevent
dismissal – an explanation of why “the appellant’s” brief had not been filed.

          The opinion notes that no response was
received.  The appeal is then dismissed for want of prosecution.  The dismissal
cites two rules as the basis for the dismissal.  The rules cited are Texas
Rules of Appellate Procedure 38.8(a)(1) and 42.3(b).

          Rule 38.8(a)(1) was the only rule
cited in the notice letter.  That rule provides as follows:

38.8.  Failure of Appellant to File Brief

   (a)  Civil Cases.  If an appellant
fails to timely file a brief, the appellate court may:

         (1) dismiss the appeal for want of
prosecution, unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the appellant’s failure to timely file
a brief;

 

          The problem in relying on this rule is
that we did not notify the Libbys that the appeal may be dismissed for the
failure to file their brief(s).  We notified them, you will recall, that we
might dismiss the appeal “unless a response explaining the failure to file
appellant’s brief is received within 14 days ….”

          Because we are involuntarily
dismissing this appeal on our own motion, we must give the notice required by
Rule 42.3.  This rule provides:

42.3.   Involuntary Dismissal in Civil Cases

   Under the following circumstances, on any
party’s motion—or on its own initiative after giving ten days’ notice to all
parties—the appellate court may dismiss the appeal or affirm the appealed
judgment or order.  Dismissal or affirmance may occur if the appeal is subject
to dismissal:

          (a) for want of jurisdiction;

          (b) for want of prosecution; or

          (c) because the appellant has failed
to comply with a requirement of these rules, a court order, or a notice from
the clerk requiring a response or other action within a specified time.

 

          If we had notified the Libbys that the
appeal was going to be dismissed for failing to file a brief on June 7, 2006,
then we could dismiss it for that failure.  But while we notified the Libbys
that the brief was overdue, we notified the Libbys that the appeal would be
dismissed only for the failure to explain why no brief had been filed.

          Now comes the ironic twist in the
notice and rules.  We only gave them notice that dismissal would follow if the
explanation was not forthcoming within 14 days.  The explanation is now past
due.  We have not notified the Libbys that the explanation is past due and that
we intend to dismiss the appeal if this is not corrected.

          By failing to give the Libbys a
reasonable opportunity to cure a defect or irregularity in appellate procedure,
failing to file the explanation for why no brief was filed, we have failed to
comply with Rule 44.3.  Tex. R. App. P.
43.3.  This rule provides:

44.3.   Defects in Procedure

   A court of appeals must not affirm or reverse
a judgment or dismiss an appeal for formal defects or irregularities in
appellate procedure without allowing a reasonable time to correct or amend the
defects or irregularities.

 

Id.

          This entire problem between the result
the majority wants to accomplish and what I believe is necessary to comply with
the rules and minimum due process could have been cured long before now if the
majority would have allowed the proper notice to be sent.  Alternatively, if
the original notice had specifically informed the Libbys that because the brief
had not been filed the appeal would be dismissed unless the brief and the
explanation were received within 14 days, the appeal could be properly
dismissed because the brief has still not been filed.  Further, if the notice
had simply provided, as many of our notices do, that “The failure to timely file
a response to this letter (or notice) constitutes an independent ground for
dismissal of this appeal.  Tex. R. App.
P. 42.3(c).” then we could properly dismiss this appeal without further
notice.

          However, because we have not advised
the Libbys of the specific defect and given them the opportunity to cure the
defect specified, we should not, at this juncture, dismiss this appeal.  The
majority dismisses the appeal.  I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed August 9, 2006

Publish